IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JUDICIAL WATCH, INC.,<br>425 Third Street, S.W., Suite 800<br>Washington, DC  20024,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Ave., N.W.<br>Washington, DC 20530-0001,<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant United States Department of Justice to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3. Plaintiff is a non-profit, educational foundation organized under the laws of the District of Columbia and having its principal place of business at 425 Third Street, S.W., Suite 800, Washington, DC 20024. Plaintiff seeks to promote integrity, transparency, and accountability in government and fidelity to the rule of law. In furtherance of its public interest

mission, Plaintiff regularly requests access to the public records of federal, state, and local government agencies, entities, and offices, and disseminates its findings to the public.

4.      Defendant is an agency of the United States Government and is headquartered at U.S. Department of Justice, 950 Pennsylvania Ave., N.W., Washington, DC 20530-0001. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5.      On April 6, 2011, Plaintiff sent a FOIA request to Defendant seeking access to the following:

> 1) All records of any proposals for revised selection procedures for police officers and firefighters submitted by the City of Dayton to the United States, as stipulated in the April 14, 2009 Consent Decree in *United States* v. *City of Dayton,* Civil Action No. 3:08-cv-348 ("April 14, 2009 Consent Decree");
>
> 2) All records of any United States' notifications to the City of Dayton that the City's proposed selection procedures do not comply with the April 14, 2009 Consent Decree;
>
> 3) Any and all records of meetings between City of Dayton officials and United States officials discussing any United States' objection(s) to proposed selection procedures, and/or any alternative selection procedures recommended by the United States;
>
> 4) All records of any proposed changes in the minimum qualifications for police officer or firefighter selection procedures, and/or proposed modifications of police officer or firefighter selection procedures, submitted by the City of Dayton to the United States, as stipulated in the April 14, 2009 Consent Decree;
>
> 5) All records of all material related to job analyses, test plans, selection procedure development, validation studies and test administration submitted by the City of Dayton to the United States as stipulated in the April 14, 2009 Consent Decree;
>
> 6) All records of all recruitment plans for firefighters submitted by the City of Dayton to the United States, including recruitment objectives, staffing, budget, media to be used, and descriptions of how the City intends to make the public aware of employment opportunities, as stipulated in the April 14, 2009 Consent Decree;

2

7) Any and all records of communications between the Department of Justice and the Dayton Fraternal Order of Police, FOP Lodge #44, concerning selection procedures and/or written examinations for the hiring of police officers;

8) Any and all records of communications between the Department of Justice and the Dayton chapter of the International Association of Fire Fighters, IAFF Local 136, concerning selection procedures and/or written examinations for the hiring of firefighters;

9) Any and all records of communications between the Department of Justice and the National Association for the Advancement of Colored People (NAACP), concerning selection procedures and/or written examinations for the hiring of firefighters and/or police officers in Dayton, Ohio;

10) Any and all records of communications between the Department of Justice and the White House and/or the Executive Office of the President concerning selection procedures and/or written examinations for the hiring of firefighters and/or police officers in Dayton, Ohio;

11) Any and all records of communications between the Civil Rights Division and the Office of the Attorney General, Office of the Deputy Attorney General, Office of the Associate Attorney General and/or the Office of Public Affairs concerning selection procedures and/or written examinations for the hiring of firefighters and/or police officers in Dayton, Ohio.

The time frame for this request is April 14, 2009 to April 6, 2011.

6. Pursuant to 5 U.S.C. § 552(a)(6)(A), Defendant was required to respond to Plaintiff's FOIA request within twenty (20) working days, or by May 9, 2011.

7. As of the date of this Complaint, Defendant has failed to produce any records responsive to the request or demonstrate that responsive records are exempt from production. Nor has it indicated whether or when any responsive records will be produced.

8. Because Defendant failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A), Plaintiff is deemed to have exhausted any and all administrative remedies with respect to its FOIA request, pursuant to 5 U.S.C. § 552(a)(6)(C).

## COUNT 1
### (Violation of FOIA, 5 U.S.C. § 552)

9. Plaintiff realleges paragraphs 1 through 8 as if fully stated herein.

10. Defendant is unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. § 552.

11. Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of requested records, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct a search for any and all responsive records to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: May 25, 2011                                    Respectfully submitted,

                                                                         JUDICIAL WATCH, INC.

                                                                         /s/ Paul J. Orfanedes
                                                                         Paul J. Orfanedes
                                                                         D.C. Bar No. 429716

                                                                         /s/ David F. Rothstein
                                                                         David F. Rothstein
                                                                         D.C. Bar No. 450035
                                                                         Suite 800
                                                                         425 Third Street, S.W.
                                                                         Washington, DC 20024
                                                                         (202) 646-5172

                                                                         *Attorneys for Plaintiff*